TIEDEMANN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

TRIAL—DEFAULT—FAILURE TO SECURE COUNSEL—SETTING ASIDE VERDICT—
OPENING INQUEST.
    Where a cause was on the day calendar for trial, and was passed be-
    cause defendant's counsel was engaged in another court, it being
    mutually understood that the trial should proceed on the next day, but
    it was subsequently learned that defendant's counsel would be unable·
    to be present on that day, and, after the exercise of due diligence,
    defendant was unable to procure other counsel to represent it, and suf-
    fered default, defendant's failure to be prepared for trial was excusable,
    and it was entitled to an order opening an inquest and setting aside a
    verdict had on default.

Appeal from special term, New York county.

Action by Frederick H. Tiedemann against the Dry Dock, East
Broadway & Battery Railroad Company. From an order denying a
motion to open an inquest and set aside a verdict rendered by de-
fault, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN,
and INGRAHAM, JJ.

C. F. Brown, for appellant.
T. P. Wickes, for respondent.

PATTERSON, J.   This appeal is from an order denying the de-
fendant's motion to open an inquest and to set aside a verdict for
the plaintiff of $10,000 in an action to recover damages for personal
injuries claimed to have been sustained by the plaintiff through the
negligence of the defendant's servants.   The cause was upon the
day calendar for trial, and was passed on the ground of the engage-
ment of counsel for the defendant in another court.   There seems
to have been an understanding that the cause should be tried on
the following day, and such understanding may be treated as a stipu-
lation that the trial should then proceed.   It was believed by the
defendant's attorney that the counsel employed on its behalf would
be released from his engagement and be able to try the case when
reached, but in this he was mistaken.   Diligent effort was made to
procure other counsel, but all those who were approached were either
employed in the trial of other cases, or were so engaged in profes-
sional matters as to be unable to try this cause.   We have no doubt,
on these papers, that the attorney for the defendant in entire good
faith undertook to procure counsel, and that he himself was not
prepared to conduct the trial on behalf of his client.   When the
case was called, the defendant, thus being unprepared, suffered a
default, and an inquest was taken.   That the default was not in-
excusable we think is shown.   It was occasioned by the existence
of a situation not of the defendant's creation, and one which it could
not well help.   It was apparently bound by a stipulation to proceed.
Its effort was not to delay the trial of the cause, for its witnesses
were all subpœnaed, but no counsel could be secured overnight to
try the cause.   When this motion was made to the court below, it

should have been regarded in the nature of one to be relieved from the situation, and all the circumstances should have been considered. They indicate good faith on the part of the defendant. The record of the proceedings when the inquest was taken does not show that a motion was made on that day to postpone the trial, but the affidavits before us show what was then done. The motion seems to have been denied on the ground that the defendant in appealing from the judgment might review a ruling of the trial court in refusing to postpone the cause, but no record was made upon which such a review might be had.

We think, under the circumstances of this case, that the order should be reversed, the defendant paying all the costs and disbursements of the action and $10 costs of motion; the cause to be restored to the day calendar. No costs of this appeal to either party. All concur.